IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**KEITH FISHER**
54 W Craig Street
Uniontown, PA 15401

    Plaintiff,

v.

**ABM INDUSTRIES HEADQUARTERS**
One Liberty Plaza, 7th Floor
New York, NY 10006

    Defendant.

**JURY TRIAL DEMANDED**

CASE NO. 2:22-cv-1326



09/16/2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

---

## CIVIL ACTION COMPLAINT

AND NOW Plaintiff, Keith Fisher, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), have been violated and avers as follows:

### I.  PARTIES

1.  Plaintiff, Keith Fisher, hereinafter ("Plaintiff" or "Fisher"), is an adult individual with a mailing address of 54 W Craig Street, Uniontown, PA 15401.

2.  Defendant, ABM Industries Headquarters, hereinafter ("Defendant") assigned Mr. Fisher to work as a cleaner at a location with the address of 1001 Technology Drive, Mount Pleasant, PA 15666. Defendant maintains a contract at this location to provide janitorial services to Siemens USA.

3.  At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## II.      JURISDICTION

4. This action is instituted pursuant to the Americans with Disabilities Act, and applicable federal and state law.

5. This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

6. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims in this Judicial District.

7. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A," a true and correct copy of the Dismissal and Notice of Rights to Sue issued by the EEOC).

## III.     FACTS

8. On November 22, 2021, Defendant hired Mr. Fisher and assigned him to work as a Cleaner to provide janitorial services to Siemens USA. Defendant assigned Mr. Fisher to work for Operations Manager David DiNinno.

9. Mr. Fisher performed all duties asked of his without any complaints or issues.

10. Mr. Fisher told Account Manager, David DiNinno that he had been diagnosed with Tourette syndrome at the age of ten (10). He also advised Mr. DiNinno that he suffered from schizophrenic.

11. One day, a fellow employee reported Mr. Fisher for yelling and cursing. Mr. Fisher tried to explain to Mr. DiNinno how this is part of his condition and how he cannot help it. He explained that his comments were never directed at another person and his comments just come out and he can't control it.

12.     Defendant's client Siemens demanded that Mr. Fisher be removed from the building. After this incident, Defendant offered to transfer Mr. Fisher to another city. Mr. Fisher protested the transfer because it would have been a two-and-a-half-hour drive and he is unable to drive that far.

### IV.     CAUSES OF ACTION

### COUNT I –
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

13.     Plaintiff incorporate the preceding paragraphs as if fully set forth at length herein.

14.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

15.     Plaintiff is qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

16.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

17.     At all times material hereto, Plaintiffs had qualified disabilities, as described above.

18.     Plaintiff's Tourette syndrome and schizophrenia substantially limited one or more of his major life activities, including, caring for himself, speaking, learning, reading, concentrating, thinking, communicating and working.

19.     Defendant's conduct in terminating Plaintiff's is an adverse action, was taken as a result of his disabilities and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

20. Defendant failed to engage in an interactive discussion of Plaintiff's disabilities and failed to reasonably accommodate his disabilities.

21. As a proximate result of Defendant's conduct, Plaintiffs sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiffs have also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

22. As a result of the conduct of Defendant's owners/management, Plaintiffs hereby demand punitive damages.

23. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiffs demand attorneys' fees and court costs.

**COUNT II-**
**TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT RETALIATION**
**(42 U.S.C.A. § 12101 et seq)**

24. Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

25. At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not retaliate against an employee based his exercising his rights under the Americans with Disabilities Act.

26. Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

27. Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

28.	As set forth above, Plaintiff engaged in protected activity when he requested accommodations for his disability.

29.	Defendant failed to engage in the interactive process after Plaintiff told Defendant that he needed medical accommodations.

30.	As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

31.	As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

32.	Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq Plaintiff demands attorneys' fees and court costs.

## COUNT III
## CONSTRUCTIVE DISCHARGE

33.	Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

34.	Defendant constructively discharged Plaintiff from his employment with when it failed to prevent, and therefore condoned, severe and pervasive and outrageous harassment and a related hostile work environment. Any, reasonable individual would have found Defendant's work environment to be hostile.

35. Defendant also constructively discharged Plaintiff from employment when it retaliated against Plaintiff for his complaints to Defendant about the disability harassment, and hostile work environment that he was forced to endure.

36. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, loss of tips as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of his earning power and capacity and a claim is made therefore.

37. Pursuant to the Americans with Disabilities Act, Plaintiff demands attorney's fees and court costs.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, Keith Fisher demands judgement in his favor and against Defendant, ABM Industries, in an amount in excess of $150,000.00 together with:

A. Compensatory damages for: including, but not limited to: emotional distress, pain and suffering, personal injury damages, economic loss, lost wages and benefits, lost future earnings and lost future earning capacity;

B. Punitive damages;

C. Treble damages;

D. Attorney's fees and costs of suit;

E. Interest, delay damages; and,

F. Any other further relief this Court deems just proper and equitable.

Date: 09/16/2022 ,                                   **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                                               BY: */s/ Mary LeMieux-Fillery, Esquire*
Mary LeMieux-Fillery, Esq., PA ID No. 312785
1500 JFK Blvd., Suite 1240
Philadelphia, PA 19063
Telephone: 267-546-0132
Telefax: 215-944-6124
maryf@ericshore.com
*Attorneys for Plaintiff Keith Fisher*

## VERIFICATION

I, <u>Keith Fisher</u>, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein made are subject to penalty of law, relating to unsworn falsification to authorities.

Date: 09/16/2022     BY: _/s/ Keith Fisher_
                                    Keith Fisher

*Electronically Signed 2022-09-15 18:39:09 UTC - 166.205.181.32*
*Nintex AssureSign® bf5edeac-ac54-490d-bde8-af10127d203*